## MARY BUCKMAN v. ST. PAUL CITY RAILWAY COMPANY.[1]

October 27, 1911.

Nos. 17,230—(63).

**Negligence — questions for jury.**

In this, a personal injury action, *held*, that the questions of negligence and contributory negligence were for the jury, and that the verdict is sustained by the evidence.

**Damages.**

The damages are not excessive.

Action in the district court for Ramsey county to recover $3,000 for personal injuries. The reply was a general denial. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $450. From an order denying defendant's motion for judgment notwithstanding the verdict and denying a new trial, on condition that plaintiff consented to a reduction of the verdict to $300, it appealed. Affirmed.

*W. D. Dwyer* and *E. E. Watson,* for appellant.

*James Mattimore,* for respondent.

BUNN, J.

Plaintiff was a passenger on one of defendant's street cars. As the car was passing over an acute curve, plaintiff, who was rising from her seat preparatory to alighting when the car stopped, was thrown and injured. This action was brought to recover for the injuries so received. The negligence claimed is in running the car at an excessive rate of speed around an acute curve, and an unusual lurch or jolt of the car that caused the accident. Defendant denied its negligence, and alleged contributory negligence. The trial court denied defendant's motion to direct a verdict, and submitted the questions to the jury, which returned a verdict for plaintiff,

[1] Reported in 132 N. W. 992.

assessing the damages at $450. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied, plaintiff accepting a reduction of the verdict to $300. Defendant appealed from the order.

1. The evidence was sufficient to justify a finding that defendant was negligent in running its car around an acute curve at such a rate of speed. It is not a case of the ordinary jerks or jolts incident to street car travel, but a case where the sharp curve demanded the exercise of particular care for the safety of passengers. From the evidence it was for the jury to say whether the care required was, exercised.

2. We think that the question of contributory negligence was for the jury, and that the evidence sustains the verdict on this point.

3. The damages, as reduced by the trial court, are not excessive.. Order affirmed.